We have six cases on our calendar this morning. Veterans case, a patent case, a trade case, and three government employee cases. Two of the latter are submitted only in the briefs and will not be argued. The first case is a Veterans Appeal. Smith v. Department of Veterans Affairs, 057168, Ms. Burke. The original calendar said Mr. Smith, but I didn't think you were arguing for the government. You're on the wrong side. May it please the Court, the Veterans Court judgment should be reversed. VA's interpretation of its own regulation controls here, unless it is plainly erroneous or plainly inconsistent with the text of the regulation. And in this situation, it is neither. The regulation states, and I'm referring to Section 4.25b, except as otherwise provided in the schedule, the disabilities arising from a single disease entity are to be rated separately. What the Veterans Court did here is assumed that tinnitus, a ringing in the ears, can be rated separately. In other words, the Veterans Court determined, based upon its own medical judgment, ignoring the medical judgment of the Secretary, that tinnitus is a disease that can arise in both ears simply because a person perceives it in both ears. In the terms used in the regulation, it's really, I guess, you could summarize what the Court concluded by saying that they concluded that there were multiple disabilities. Is that fair? That's correct, Your Honor. And therefore, as opposed to a single disability, which manifests itself in multiple symptomatic forms. That's exactly correct, Your Honor. So, in this instance, tinnitus, a ringing in the ears, can be perceived in the left ear. It can be perceived in the right ear. It can be perceived in neither ear. The evidence demonstrates that both ears. You're saying it's one disability. That's correct. It's one disability. And the important thing to remember is that the Secretary has articulated its interpretation of this regulation in a variety of ways. For example, it's articulated time and again in various board decisions where it is declined to award more than a 10% rating for so-called bilateral tinnitus. Now, the regulation gives some examples of disabilities arising from a single disease entity. One of them is a cerebrovascular accident. That's a stroke, cerebral hemorrhage. Say a person is paralyzed in the right side and has a speech impediment from a tube. Is that one disability or is that multiple disabilities? The speech impediment example, Your Honor. Well, one stroke, one cerebrovascular accident, and yet it has multiple manifestations. Is that one disability or multiple disabilities? Well, I believe that the initial incident, the stroke, is the underlying cause or the disease that can give rise to different disabilities. And would the two manifestations be different disabilities? Well, it depends, Your Honor. I mean, it depends on what the two different manifestations are. Well, the two that he identified would be an inability to move on the left side and a speech impediment. Correct. And would you add those under the regulations? Correct, Your Honor. I mean, unless if you went to the regulation, to the actual code, and for some reason those two codes prevented you from rating them separately, then they are two disabilities arising from the same disease entity. Are disabilities different from disease entity? Disabilities are different from disease entity. I think the reason why this case can be confusing is everybody discusses tinnitus as both the resulting disability or the effect and also the disease entity. So, for example, in the schedule of ratings under disease of the ear, tinnitus appears on the listing indicating that it is a disease of the ear. But is that a symptom or is that a disease? Well, as I was saying, I think that's what leads to the confusion. Based on the definition, I think it's both, at least medically, the disease and the disability because I think probably that's just the way that the schedule was written. Well, if you analyze it from the basis of it being a disease or a symptom, where does the disability come in? Is the disability because of the symptom or is it because of the disease? The disability occurs as a result of the disease. The disability in this instance is the ringing in the ears. I mean, I think the confusion regarding the terminology for tinnitus is apparent, but I think it's probably irrelevant to the question in this case, which is what is the disability? Who gets to decide what the disability is and how it should be evaluated? And your point is that we should defer it to the agency. That's correct, Your Honor. Maybe because we're having this discussion here, there's an ambiguity, and therefore we should defer it? That's exactly correct. The regulation only says disabilities arising from a single disease entity. What does that mean? That's 425B. What does that mean, single disease entity? Because tinnitus could also be a symptom of other diseases. That's absolutely correct, Your Honor, and the regulation provides for that in the sense that you can't get an award for tinnitus on its own and also as a result of another underlying disease. Is that what single disease entity means, then? Is that the way we should interpret it? Yes, Your Honor. To be only one disease or one symptom. Isn't the confusion which arises because of the fact that tinnitus could also be a symptom of something else? I think so, but I think respectfully the articulation that you just gave is probably not the correct one. Tinnitus is, in this instance, the symptom and should not be considered the disease. Let me ask you this question, and I understand we're sort of reaching out to the outer edges perhaps of what's pertinent to the legal question before us, but is there evidence as to whether tinnitus, which is experienced in one ear, impairs hearing, let's say, to a lesser extent than tinnitus that is perceived in two ears? No, Your Honor, not in any of the documentation that I've seen. My understanding of the way that tinnitus works, based upon the documents cited in the VA regulations and general counsel opinion, is that people probably don't experience, they only experience one noise at a time, so you're not experiencing a noise in your left ear. Well, it could be bilateral, too. People perceive it bilaterally, but I don't think that means that they're perceiving it bilaterally simultaneously. I think it just means that sometimes you hear it in your left ear and sometimes you hear it in your right ear. When really you're not hearing it in either ear, it's just a noise. It seems to me that one of the problems in this case is that this construct, and this sort of goes to the questions that both Judge Lurie and Judge Gaiares were asking, is the construct in the regulations a little artificial, it seems to me. What we're saying, and I think Judge Lurie's example of the stroke is a really good one, because a stroke is one cerebral incident. It may have effects on different parts of the body, and I take it in that setting. Even though it's only one cerebral incident, the fact that it has effects, perceived or real, real in the case of stroke, would convert it into two disabilities in his example. The effects would be the correct. But what we seem to be saying with respect to tinnitus is, even though it's one incident, a central nervous system problem, and the manifestations are perceived as being in two different parts of the body, both ears, we can treat that differently from the stroke case because the perception isn't real, is that the notion? It strikes me as a thin distinction which isn't really very well grounded when you think about it in the way the medicine actually works. I understand the court's concern, but I think the main difference between the stroke situation and this situation is that in the stroke situation, at least the examples articulated in the regulation, are very clear examples of different effects. So some kind of paralysis on one side or a speech defect are completely separate effects that are distinct and obviously distinct. Whereas here, the perception of a phantom noise is, first of all, completely subjective. And according to medical evidence, probably not actually originating in one ear or the other, so probably not impairing one ear more than the other, which is fundamentally different. I'm sorry, go ahead. The originating in one ear doesn't strike me as really the test, right? Because suppose what you have is a problem in the brain which produces deafness in one ear or, if the problem is serious enough, deafness in both ears. It's the same part of the brain that's got the problem. But you would treat that as two disabilities, right? Yes, well, probably, Your Honor. I would assume so. But if it's just ringing in one ear versus ringing in both ears, you treat it as only one. That distinction seems to be a thin one. Again, I think the two examples are fundamentally different. In the tinnitus situation, again, as I stated, I think that tinnitus only occurs at one time. And what I mean by that is you either hear it in your left ear or you hear it in your right ear or you hear it some indistinct place. But you're not hearing two buzzings in both of your ears at the same time, which means that when you get to the whole purpose of the schedule, it's not affecting your ability to work any more if you hear it in your right ear as it is if you're hearing it in your left ear, which is, I think, the fundamental difference between this situation and all the other situations. But you wouldn't treat this differently, I take it, if you had somebody come along who said, I hear it in both ears at the same time. I'm sorry? The tinnitus would not be treated differently if you had somebody come along and say, I hear it in both ears at the same time. I mean, that's not the distinction that you're really resting on, I take it. Well, no, but I was just using it as an example as to why the rating schedule is written the way that it is and why tinnitus doesn't lend itself to the same kind of analogies that the court is putting forth with respect to other disease entities that can result in dramatically separate disabilities that independently affect one's ability to work. But I think the overarching principle that's important to remember is that all of these determinations as to what kind of a disease tinnitus is and how it should be evaluated and what kind of medical evidence we should rely upon, these are all questions that are delegated to the secretary to answer. And what the Veterans Court here has done is completely usurped the role of the secretary and decided for itself what a disability is and why tinnitus should be rated dually. And that is exactly what the Veterans Court is prohibited from doing. And it should have deferred to VA's totally reasonable construction of this regulation. Do you want to save the remainder of your time? Yes, Your Honor. For rebuttal? Thank you. Mr. Smith. Good morning, Your Honors. With me at council table this morning is Mr. Donald Purcell. Your Honors, the court should bear in mind that what it's doing today is reviewing a Court of Appeals for Veterans Claims review of VA's interpretation of its regulation. Contrary to the government's argument, the interpretation VA has advanced is plainly erroneous and inconsistent with the regulation. And I hope the court will focus on the words used by the secretary because the secretary's discretion as counsel for the government admits in adopting the rating schedule is unreviewable. In answer to some of the questions I heard from the panel, the secretary has the time. Mr. Smith, excuse me one second. Going back to the reviewability, are we reviewing the regulation? Is that what the CAVC did? Did they review the regulation itself or did they review the rating schedule? They reviewed VA's interpretation of the meaning of two regulations. How about the rating schedule? Did they interpret that too? I'm sorry, Your Honor. They interpreted that too, didn't they? They did. The D.C.'s 620-60, 62-60. Yes, Your Honor, they did. Can they look at that? Yes, they can. Can they review that? They can. And so may the expert. Can they apply it to beyond what the secretary has applied it? I'm not sure I understand, Your Honor. Well, the secretary's ratings for tinnitus is 10%, right? Correct. And under the 425 regulation, the single disease entity, doesn't it limit the court's ability to say what should be a single or a double or both ears or one ear or otherwise? It could, but it does not. For example, Your Honor, the secretary has a regulation that says a tender or painful scar gets 10%. But if you have multiple tender and painful scars, you can get multiple 10% ratings. The secretary has determined, unreviewably, that tinnitus is a disease of the ear. That's where he's placed it under Section 4.87. Now, with respect to your question concerning when it becomes a disability, the disease tinnitus, according to the secretary under his regulation, only becomes a disability when the frequency of its occurrence is recurrent. Now, there may be some level of tinnitus. It occurs once and goes away, some lower level that would not entitle a veteran to a 10% rating. Tinnitus is a disease. When that disease is recurrent, the claimant is entitled to a 10% rating. As a single entity disease. It's true. Single entity. However, the court should take note that in the 1999 revision of the rating schedule, when the diagnostic code was amended to read tinnitus recurrent, what the secretary did was eliminate three provisions from the prior regulation. He allowed a 10% rating at that time only if tinnitus was the result of concussion, acoustic trauma, or head trauma. From that we know that there are multiple ways in which tinnitus can be acquired. There are others. However, one can have acoustic trauma to one ear. In the military situation, it typically happens when one puts a rifle to one's head to pull the trigger with your head close to the rifle. And then depending on which side the person is firing, they get acoustic trauma in that ear and they have tinnitus. So they can have acoustic trauma, which causes the disease tinnitus, in one ear. Now the government does not dispute, no one disputes, that veterans can have tinnitus in the left ear only. No one disputes that they can have tinnitus, both compensable, in the right ear only. But the government says, we look at our regulation and we conclude, we construe this regulation to mean there is an exception in Diagnostic Code 6260 consistent with what's required in 4.25b, and that exception, just as it does in 6207, makes an exception and says, no, there will only be one rating for tinnitus. This is not a complex case. This is a two-word regulation. Tinnitus recurrent. Unless the court can find tinnitus recurrent has the effect of limiting compensation to one 10% rating as an exception to 4.25b, then the Court of Appeals for Veterans Claims Decision must be affirmed. Now, Mr. Smith, when we look at Note 2, it says assign only a single evaluation for recurrent, do you mind if I call it tinnitus? Please. It sounds better to my ear. I hear it here. Both ears. I only have one. Both ears. Fine, I have one. That says only a single evaluation. Now, if we agree with you that disabilities is the key and therefore that there are multiple disabilities even from a single disease entity, that's contrary to Note 2, multiple disabilities, but we're not dealing with Note 2 here because of the effective date. Do I understand that correctly? That is correct. So we're told that this case is sort of a lead case with 50 or 100 behind it, so we're not going to settle that issue, whether there's a conflict between Note 2 and B. So we're just dealing with the interpretation of disabilities arising from a single disease entity. As counsel for appellee in most of those cases, I would inform the Court that I believe virtually all of those are the same, that none of those are unproven. Note 2, none of those cases come up. In none of those cases do the appellate or the appellee assert or has the Court of Appeals for Veterans Claims held that Note 2 does not limit to one rating prospectively. Want to restate that? No. I don't blame you. No one has argued that the revised regulation with Note 2 does not apply and limit to one rating from the date of its enactment. From 1999 forward? No, Your Honor, this is June 2000. June 2000. Yes, Your Honor. So the Court of Appeals for Veterans Claims looked at this two-word regulation in light of 4.25B and particularly when in the same regulation, Diagnostic Code 6207, demonstrates that the Secretary knew full well how to limit this to one 10% rating if he chose to do so, elected not to do so, then the Secretary is simply obligated to follow his regulation and his interpretation, which is contrary to that two-word phrase, simply is erroneous. It's contrary to what the regulation says. There's nothing in this diagnostic code that creates an exception to 4.25B. Well, now, the Secretary, a way to view this case, let's say the Secretary has made a determination that tinnitus is one disability for purposes of 4.25B. Now, that determination is not really, it seems to me, so much an interpretation of 4.25B but rather an application of it to a particular disease, don't you think? I think that might be a fair statement. So why isn't the Secretary entitled to make a determination, having promulgated this regulation, to make a determination within the realm of reasonableness and subject to whatever limits there are on judicial review of that determination as to particular diseases, whether the manifestations of those diseases constitute multiple disabilities or only a single disability that may have more than one perceived or actual location in the body? I think he's entitled to do that. But he has to do it in his regulation. He can't write a regulation that says what this one says and then turn away from it and say, oh, no, that's not what I meant. Yeah, but my question really is, has the Secretary actually turned away from the regulation or has the Secretary simply left through the regulation an opening for the Secretary to make a determination as to whether there are multiple disabilities in a particular case? Having said in the regulation, these are the rules I'm going to follow, but as I follow these rules, I'm going to apply them by making a determination whether there are multiple disabilities in a particular instance or not. That doesn't seem to be necessarily to be flying in the face of the regulation so much as saying we'll displace the decision as to multiple disabilities to the rating table, for example. If the Secretary had not acknowledged, as he had in the past, and I don't think he's backed away from that, although it has been removed from the regulation, that tinnitus could be caused by any number of things. The medical literature suggests that tinnitus can be caused by certain drugs that are administered to a patient. It can be caused by trauma to the head. It can be caused by acoustic trauma. It can be caused by all manner of things. And it's not tinnitus that is the disability. Tinnitus is the disease. The disability results from the perceived ringing, buzzing, clicking, whatever it is in the particular patient's case that they hear in their ear or ears that interferes with their ability to hear. Your Honor has tinnitus in both ears. I have tinnitus in one. If we're in the back of the room listening to a speaker, I can turn my good ear toward the speaker and hear. Someone with tinnitus in both ears cannot. But is that... Assuming, Mr. Smith, that the tinnitus was caused by Meniere's disease. Tinnitus is a symptom of Meniere's. Meniere's essentially also can cause dizziness. Now, is the disability which is being rated tinnitus or the dizziness, the imbalance for Meniere's disease? The imbalance? I believe under the rating schedule then the Meniere's disease is being rated. The imbalance is attributed to Meniere's. The imbalance would be attributed to Meniere's, but tinnitus can also be attributed to Meniere's. So what would be the calculation there? Would they be covered under 6260 or not? Your Honor, I regret that I don't have the Meniere's diagnostic code in front of me. However, my recollection, I can say this. Assuming tinnitus is listed as a symptom of Meniere's disease within the rating schedule, in other words, it's one of the criteria, tinnitus is one of the criteria upon which Meniere's, the disability rating from Meniere's is calculated, then there could not be a separate rating under diagnostic code 6260 because the schedule does prohibit what VA calls pyramiding, and that is rating the same disability under various diagnostic codes. This diagnostic code 6260 applies only in the case where tinnitus has caused, where tinnitus has become recurrent on its own because of something otherwise not ratable. There's no other diagnostic code under which to place it. So if in fact tinnitus is caused not by Meniere but by some kind of a nervous disorder to the central brain system that can cause tinnitus to both ears, would that be one disease or two diseases? That would have to be rated as one, I imagine. However, I remind the Court that you're reviewing a Veterans Court determination with respect to this regulation, and the Secretary has determined that for VA disability rating purposes, tinnitus is a disease of the ear. Do you think this case would come out differently if the Secretary had characterized tinnitus as a disease of the central nervous system? It might. So you're really putting a lot of weight on the of the ear language in the rec. I am, Your Honor. I think that if it's of the central nervous system, then there's a question as to what causes might result in that tinnitus. But in this case, the way the Secretary had written his regulation, it doesn't matter how the tinnitus was acquired. As long as it was acquired in service and as long as it's recurrent, then the Veteran is entitled to a 10% disability rating. Unless the Court can look at this two-word regulation and conclude that the two words tinnitus, recurrent, mean on their face that only one rating is permitted, even though it's in both ears, then the decision of the Court of Appeals for Veterans Claims must be affirmed. So what about the rest of the diseases of the ear that are listed under 487? In some of them they list two and in others they list one. Yes. So does that imply that the 6260 tinnitus is one or two? That implies that each tinnitus, each recurrent tinnitus, must be rated separately under 4.25 unless, as under 6207, the Secretary has provided otherwise as 4.25b requires. If the Secretary didn't expressly say, as he does now, that only one rating is permitted, 4.25b compels separate ratings. And the Court of Appeals for Veterans Claims got it exactly right because VA's interpretation, otherwise entitled to deference, is completely inconsistent with the plain language of the regulation. Thank you. Thank you, Mr. Smith. Ms. Burke has some rebuttal time. First, Your Honor, I'd like to remind the Court that in VA's regulation change, in the Federal Register notice, the Secretary made clear that the reason why tinnitus still appears under disease of the ear and not under disease of the central nervous system is because that is where veterans are most used to looking up the disability rating, and so the Secretary was going to keep it there for the ease of the users. Was that the change that was made at the same time the note came in? Yes, Your Honor. That's what, 2003? Am I recalling that correctly? That's okay. I'll look it up. It's either that or it's in the preliminary notice. Okay, but during that sequence of promulgation of that regulation. Yes, and I'd like to go back to note 2, the discussion regarding note 2. As we explained in our brief, note 2 and the Federal Register notice underlying it are made quite clear that the Secretary was merely clarifying its practice. In other words, the Secretary has always rated tinnitus this way for this reason, and the Veterans Court should have deferred. Even though the regulation change doesn't come until 2003, it should have deferred to the interpretation articulated in that change because it was merely a clarification. You have in your brief, I think, a discussion of the various board decisions and the like going back. I think you trace it back to about 1995 in which there were decisions along that line. How far back? Am I right that the mid-90s is when this first begins to emerge? Well, actually, Your Honor, yesterday I went back and I did a search of all of the instances where this appears in the board decisions. Actually, I found one from 1948 where the Secretary rated so-called bilateral tinnitus with one rating because, according to the Secretary, that was the highest possible rating. These can be found. You cited a website, I think, for the board decisions. Yes, Your Honor. Unfortunately, all of the identifying information is absent. You can't search by name or anything, but you can search by, for instance, tinnitus bilateral. I see. OK. For these reasons, we respectfully request that the Court reverse the judgment of the Veterans Court. Thank you, Ms. Burke.